UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| U.S. EQUAL EMPLOYMENT | * | MISCELLANEOUS ACTION |
| OPPORTUNITY COMMISSION | * | NO. 25-917 |
| | * | |
| | * | SECTION: "D"(1) |
| VERSUS | * | |
| | * | JUDGE WENDY B. VITTER |
| ECOSERV, LLC | * | |
| | * | MAGISTRATE JUDGE |
| | * | JANIS VAN MEERVELD |
| ************************************* | * | |

## <u>ORDER AND REASONS</u>

Before the Court is the Motion to Quash Non-Party Subpoena and for Entry of Protective Order filed by Plaintiff, the U.S. Equal Employment Opportunity Commission ("the EEOC"). Rec. Doc. 1. Defendant, Ecoserv, LLC ("Defendant"), opposes, Rec. Doc. 5, and EEOC filed a reply. Rec. Doc. 7. Defendant requested oral argument on the issue. Rec. Doc. 6. For the reasons set forth herein, the Court finds that transfer of the Motion to Quash to the United States District Court of the Western District of Louisiana in connection with the underlying litigation, *EEOC v. Ecoserve, LLC*, No. 6:23-cv-1321 (W.D. La.), is appropriate pursuant to Federal Rule of Civil Procedure 45(f).

### I.    Background

The Motion to Quash relates to a Notice of Records Deposition and Subpoena Duces Tecum (the "subpoena") served on non-party Felicia Naquin Savoie ("Ms. Naquin Savoie")[1] by Defendant.[2] Defendant's subpoena is in connection with a case that EEOC filed against Defendant

---

[1] The EEOC refers to Felicia Naquin Savoie as "Ms. Naquin" in its Motion to Quash, while Defendant refers to her as "Ms. Savoie" in its opposition. *See* Rec. Doc. 5 at p. 1 n.1 (indicating that the parties generally refer to her as "Ms. Savoie" in the underlying litigation). The Court will refer to Felicia Naquin Savoie as "Ms. Naquin Savoie" to avoid any confusion.

[2] Although neither party appears to have noticed, the issuing court in the subpoena issued to Ms. Naquin Savoie is listed as the Middle District of Louisiana. *See* Rec. Doc. 1-3. Rule 45 requires that "[a] subpoena must issue from the court where the action is pending," Fᴇᴅ. R. Cɪᴠ. P. 45(a)(2). Here, the appropriate court is the Western District of

in the United States District Court for the Western District of Louisiana, styled *EEOC v. Ecoserv, LLC*, No. 6:23-cv-1321 (W.D. La.) (the "underlying litigation"). In the underlying litigation, the EEOC asserts claims under Title VII, alleging that Defendant discriminated on the basis of race, gender and/or age in hiring for certain positions since approximately 2015, and that Defendant retaliated against and discharged Ms. Naquin Savoie—the charging party in a previous EEOC Charge of Discrimination on which the EEOC's claims in the underlying litigation are factually based. While Ms. Naquin Savoie is not a party to the action, the EEOC seeks relief on her behalf. *See* Rec. Doc. 1-1 at p. 2.

The underlying litigation has been bifurcated. Trial for Stage I is scheduled to begin on November 2, 2026, and fact discovery for Stage I is to be completed by January 30, 2026.

Defendant's subpoena to Ms. Naquin Savoie identifies ten categories of documents for Ms. Naquin Savoie to produce, including tax documents, employer benefit documents, any documents supporting her claims in her underlying EEOC Charge of Discrimination, documents indicating her participation in other litigation or proceedings, and documents related to her receipt of unemployment compensation. *See* Rec. Doc. 1-3. Defendant served its subpoena on Ms. Naquin Savoie on April 29, 2025, and sought compliance by May 9, 2025. *See* Rec. Doc. 1-1 at p. 4; Rec. Doc. 5 at p. 5.

## II.    The Instant Motion

The EEOC filed a Motion to Quash on May 8, 2025, objecting to undue burden, disclosure of privileged and other protected matters, and an unreasonable time to comply. Rec. Doc. 1-1 at

---

Louisiana. Despite this incongruity, the case caption matches the case number pending in the Western District and the accompanying Notice of Records Deposition lists the correct court, the Western District of Louisiana, in the caption. Because the Defendant did not object and the Middle District of Louisiana is clearly the incorrect court, this Court finds that this is a clerical error and, for the limited purpose of transferring this Motion to Quash pursuant to Rule 45, the Court will treat the subpoena as though it was issued by the correct court, the Western District of Louisiana.

pp. 8-15. While only the EEOC filed the motion, Ms. Naquin Savoie submitted a declaration indicating that she "desire[s] to oppose the subpoena." Rec. Doc. 1-2 at p. 1. In its motion, the EEOC contends that Defendant is sending duplicative discovery to Ms. Naquin Savoie despite the EEOC already working with and providing the information requested via its relationship with Ms. Naquin Savoie. Rec. Doc. 1-1 at p. 3. And the EEOC asserts that it has standing to object because of its quasi-attorney client relationship with Ms. Naquin Savoie, and that it further has a personal right to challenge the subpoena because of Defendant's attempts to circumvent the EEOC's existing objections to duplicative discovery. *Id.* at pp. 4-7. The EEOC also argues that good cause exists to enter a protective order "that the subpoena is null and void and providing that Defendant shall issue no further such subpoenas on Ms. Naquin [Savoie]." *Id.* at pp. 15-16.

Defendant opposes, arguing that there are two orders from Magistrate Judge Ayo and District Judge Summerhays in the United States District Court for the Western District that are "law of the case." Rec. Doc. 5 at p. 3. Magistrate Judge Ayo previously denied the EEOC's Motion to Quash or Modify Subpoenas or For a Protective Order related to subpoenas issued by Defendant on Ms. Naquin Savoie's previous employers, which Judge Summerhays affirmed. *Id.* at pp. 6-7. In his decision related to the third-party subpoenas served on Ms. Naquin Savoie's previous employers, Judge Ayo denied the EEOC's Motion to Quash and found that "because [Ms. Naquin Savoie's] job performance is at issue, . . . the requested information is nonprivileged and highly relevant[.]" Rec. Doc. 5-3. The EEOC argues that this is law of the case and that "this Court should disregard and decline to consider the EEOC's efforts to relitigate adverse rulings in the underlying action, by filing a Motion in a different district court on the same or similar issues." Rec. Doc. 5 at p. 7. Defendant also objected to the EEOC's standing to assert objections based on undue burden, disproportionality, overbreadth, and duplication of other discovery requests, and, even if the EEOC

3

did have such standing, Defendant argues that its subpoena to Ms. Naquin Savoie is both procedurally and substantively proper. *Id.* at pp. 7-24. Lastly, Defendant notes, "the discovery sought is not duplicative but rather complementary to discovery obtained from the EEOC, as this Court and the District Judge have already recognized by approving similar subpoenas to Ms. Savoie's subsequent employers." *Id.* at p. 3. Defendant also contests the need for a protective order. *Id.* at p. 24.

In reply, the EEOC argues that its motion "presents entirely different issues than those previously litigated in the Western District," it has standing to oppose the subpoena on Ms. Naquin Savoie's behalf and its own behalf, and the subpoena should be quashed. Rec. Doc. 7. The EEOC emphasizes that the requests at issue fall into two categories: (1) documents that Defendant has already sought and obtained through discovery to the EEOC and (2) documents that the EEOC has not produced based on objection. As to the former category, the EEOC argues that these requests are unduly burdensome and duplicative. As to the latter category, the EEOC argues that these requests are being used to "circumvent, rather than contend with, the EEOC's properly lodged discovery objections." *Id.* at p. 11.

### III.    Law and Analysis

The EEOC properly filed its Motion to Quash in this Court, which, as required by Federal Rule of Civil Procedure 45(d)(3), is the court in the district where compliance with the subpoena is required.

Despite this, however, Federal Rule of Civil Procedure 45(f) provides: "[w]hen the court where compliance is required did not issue the subpoena, it may transfer a motion under this rule to the issuing court if the person subject to the subpoena consents or if the court finds exceptional circumstances." FED. R. CIV. P. 45(f). "Rule 45(f) does not require that a motion to transfer be

filed, and the Court may *sua sponte* order transfer where appropriate." *Buc-ee's, Ltd. v. Shepherd Retail, Inc.*, No. 3:17-mc-1, 2017 WL 86143, at *1 (N.D. Tex. Jan. 10, 2017) (quoting *Orix USA Corp. v. Armentrout*, No. 3:16-mc-63, 2016 WL 3926507, at *2 (N.D. Tex. July 21, 2016)). While Rule 45 does not define "exceptional circumstances," the Advisory Committee Notes provide the following guidance as to when transfer is appropriate:

> The prime concern should be avoiding burdens on local nonparties subject to subpoenas, and it should not be assumed that the issuing court is in a superior position to resolve subpoena-related motions. In some circumstances, however, transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when the court has already ruled on issues presented by the motion or the same issues are likely to rise in discovery in many districts. Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.

FED. R. CIV. P. 45, *Advisory Committee Notes* (2013 amendments). "In determining whether 'exceptional circumstances' exist, courts consider several factors, including the complexity, procedural posture, duration of pendency, and the nature of the issues pending before, or already resolved by, the issuing court in the underlying litigation." *Orix USA Corp.*, 2016 WL 3926507, at *4 (internal quotation marks omitted).

The Court finds that *sua sponte* transfer of the Motion to Quash to the issuing court[3] is appropriate here based on exceptional circumstances. Defendant's key defense in its opposition is that Magistrate Judge Ayo has already issued an opinion relevant to the current dispute that is "law of the case." While the EEOC opposes Defendant's argument, Defendant's serious allegation that the EEOC is attempting to "obtain a different result in th[is] Court," warrants transfer to avoid disrupting the Western District's management of the underlying litigation.

---

[3] For purposes of this Motion, the Court is treating the issuing court as the Western District of Louisiana. *See supra*, Note 2.

The overlapping nature of the EEOC's discovery objections and the Defendant's subpoena to Ms. Naquin Savoie also support transfer. As both parties acknowledge, the information requested by Defendant in its third-party subpoena is, at minimum, related to discovery already propounded on the EEOC, and that could be subject to a motion to compel in the Western District. Rec. Doc. 5 at p. 10 (Defendant arguing that, "[W]hile the EEOC claims to have provided limited documents that it supposedly obtained from Ms. [Naquin] Savoie, the EEOC's production is incomplete and is based on the EEOC's own assessments of relevancy and Privilege[.]"); Rec. Doc. 7 at p. 9 (the EEOC arguing that, "Defendant takes issue with the EEOC's sound objections and privilege assertions, contending that the EEOC is attempting to 'filter' discovery from [Ms. Naquin Savoie] and 'cannot be trusted.' The 'filter' that Defendant protests is EEOC's properly lodged discovery objections and exercise of its right to withhold privileged information in discovery. The 'filter' is proper; Defendant's attempt to end-run the discovery process by turning to the Charging Party rather than contending with any disagreement between the parties, is improper."). Given the interrelatedness of the two sets of discovery, and the fact that Rule 45 only provides this Court with the limited authority to consider the third-party subpoena, the Court finds that the Western District Court is the best court to consider both discovery issues, if necessary.

And finally, the "prime concern" that the Advisory Committee indicates courts should consider—avoiding burdens on local nonparties subject to subpoenas—is not present here, as only the EEOC, and not Ms. Naquin Savoie, has filed the motion to quash. Ms. Naquin Savoie therefore has no interest in obtaining a "local resolution of the motion." *See* FED. R. CIV. P. 45, *Advisory Committee Notes* (2013 amendments) ("Transfer is appropriate only if such interests outweigh the interests of the nonparty served with the subpoena in obtaining local resolution of the motion.").

Given that both parties to this motion are parties in the underlying litigation, the Court sees no burden in litigating the Motion to Quash in the Western District as opposed to this Court.

### Conclusion

For the reasons set forth herein, the Court *sua sponte* ORDERS, pursuant to Federal Rule of Civil Procedure 45(f), that the Motion to Quash Non-Party Subpoena and for Entry of Protective Order filed by Plaintiff, the U.S. Equal Employment Opportunity Commission, is transferred to the United States District Court of the Western District of Louisiana for determination in connection with the underlying litigation, *EEOC v. Ecoserve, LLC*, No. 6:23-cv-1321 (W.D. La.).

The Court DENIES the request for oral argument filed by Defendant, Ecoserv, LLC.

New Orleans, Louisiana, this 30th day of May, 2025.

Janis van Meerveld
United States Magistrate Judge